IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

FRANCES L. SMITH,

    Plaintiff,

V.                             CIVIL ACTION NO. 3:04-0479

JOANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on June 18, 2002, alleging disability commencing April 9, 2001, as a consequence of residuals from an arm injury. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-four years of age and had obtained a high school education.[1] Her past relevant employment experience consisted of work as a parts inspector and a gas station/pizzeria worker. In his decision, the administrative law judge found that plaintiff suffered from "left arm pathology," an impairment which he considered severe. Though concluding that plaintiff was unable to perform her past work,[2] the administrative law judge determined that she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.20 of the medical-vocational guidelines[3] and the testimony of a vocational expert, he found plaintiff not disabled.

Citing the fact that she was not represented by counsel at the hearing, plaintiff asserts, initially, that the administrative law judge failed to adequately advise her of her right to be represented by counsel and that she was, as a result, unable to make an informed decision as to whether she should proceed without counsel. Plaintiff also contends that the administrative law judge failed to adequately develop the record. In reliance on these alleged deficiencies, it is plaintiff's position that she was deprived of a fair hearing, necessitating a remand for further proceedings.

"Claimants in disability cases are entitled to a full and fair hearing of their claims ... and the failure to have such a hearing may constitute good cause sufficient to remand to the Secretary ... for the taking of additional evidence." Sims v. Harris, 631 F.2d 26, 27 (4th Cir. 1980).

---

[1] In a note submitted at the time she filed her application, plaintiff stated that she was in special education classes in high school.

[2] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[3] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

The Commissioner, however, "has no duty to insist that [a] claimant have counsel," Marsh v. Harris, 632 F.2d 296, 299 (4th Cir. 1980), and it is only when "the absence of counsel created clear prejudice or unfairness to the claimant" that remand is required. Sims v. Harris, supra at 28. As plaintiff has noted, the administrative law judge also has a duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record," Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986), and when, as here, a claimant appears pro se "[t]he performance of this duty is particularly important," requiring the administrative law judge to "'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts' ... being 'especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited.'" Marsh v. Harris, supra at 299. (Citations omitted). When, as here, claims of prejudice as a consequence of the absence of counsel and a failure to develop the record on the part of the administrative law judge are advanced as grounds for remand, these contentions will be considered together in determining whether plaintiff has, in fact, been denied a "full and fair hearing."

With respect to the absence of counsel, the Court notes that plaintiff claims she was not adequately advised of her right to have counsel present at the hearing. The transcript reflects, however, that the administrative law judge gave her a lengthy explanation about this being her only opportunity to present live testimony about her case and that this was the time to have an attorney present rather than waiting until later. He indicated that he had to remain fair and impartial whereas an attorney would be looking out for her best interests only. The administrative law judge also explained how paying for an attorney works and gave plaintiff ample opportunity to continue the hearing to obtain counsel if she desired. He discussed plaintiff's education, ability to read and depression due to the limitations she experiences but found no evidence of any mental problem

which might have affected her ability to make an informed decision. He further made sure that plaintiff understood what he was telling her. Clearly, plaintiff was adequately advised of her right to counsel and of the benefits of representation.

With respect to his duty to develop the record, the transcript reflects that the administrative law judge thoroughly questioned plaintiff about her past work, what now keeps her from working and how she is limited as well as the treatment she has received and who provides it. Insofar as the Court can determine, all matters of significance were explored. Plaintiff has not pointed to any other evidence that should have been obtained nor is there any indication from the record that there are additional, relevant reports which are missing. While plaintiff made reference to a functional capacity evaluation performed at some point, she related that the results indicated she could perform light level work with no left arm/hand pushing or pulling, consistent with the administrative law judge's ultimate residual functional capacity finding that plaintiff could perform no significant lifting with the left arm and that it was to function only as an "infrequent helper." It is also noted that the Commissioner scheduled consultative physical and mental evaluations for plaintiff but she was unable to attend. The Court finds, therefore, that the administrative law judge thoroughly and adequately developed the record and plaintiff's contentions to the contrary are without merit.

Plaintiff testified, and the evidence discloses, that her only impairment stems from a crushing injury to her left wrist and hand which occurred in August of 1999. According to Dr. Kip Beard, who evaluated her on two occasions for workers' compensation and provided a thorough history of her treatment, diagnoses have included left wrist contusion and sprain, extensor tendinitis

and deQuervain's tenosynovitis.[4] These problems have been treated with medication, injections, physical therapy, occupational therapy and a TENS unit. According to Dr. Beard, plaintiff had an MRI on May 30, 2000, which showed only a ganglion cyst.[5] She also had a functional capacity evaluation which indicated she could return to light duty which plaintiff did in approximately September of 2000. She was able to work until April of 2001 when she reinjured her arm lifting boxes and hammering. Plaintiff reported to Dr. Beard that the treating physician was Dr. Tayengco who treated her with rest, medication, a splint and "biofreeze." These modalities relieved plaintiff's pain, according to her testimony. Dr. Beard's exam revealed "mild" range of motion abnormalities in the left wrist with normal motion in the hand and some "nonfocal" sensory discrepancies without focal weakness. He concluded plaintiff was at maximum medical improvement and should undergo another functional capacity evaluation.

On October 6, 2003, Dr. Prasadarao Mukkamala examined plaintiff for workers' compensation and noted her current symptoms as being pain in the index and middle fingers of the left hand with numbness in the ring and small fingers. Exam revealed only restricted range of motion of the left wrist with non-anatomical sensory abnormalities. The diagnosis was left wrist contusion and this physician commented that plaintiff exhibited "a significant degree" of symptom magnification which he felt prevented her from being a candidate for vocational rehabilitation.

Dr. Tayengco submitted an assessment of plaintiff's residual functional capacity dated November 5, 2003, wherein he opined that she could lift and carry less than ten pounds with

---

[4] Fibrosis of the sheath of a tendon of the thumb. The sheath is a sleeve-like structure surrounding the tendon. Attorney's Dictionary of Medicine D-16, T-45 (2005).

[5] A kind of cyst occurring on the sheath of a tendon, especially on the back of the hand. Id. at G-16.

the right hand and none with the left.  He did not find standing/walking or sitting limited but felt plaintiff could not push/pull with the left hand.  Posturally, he concluded that plaintiff could climb, balance, stoop, kneel, crouch and crawl only occasionally and could grasp, manipulate and feel with the right hand only.  The state agency medical advisors came to significantly differing conclusions about plaintiff's residual functional capacity with one assessing no limitations and the other finding plaintiff capable of light level work requiring no more than occasional postural activities.  The administrative law judge concluded that Dr. Tayengco's assessment was consistent with and supported by the evidence except for the limitations on lifting only ten pounds with the right hand and the complete inability to use the left hand.  Plaintiff herself indicated she could lift more than ten pounds with the right hand/arm and, as the administrative law judge noted, the evidence does not establish that she has total loss of use of the left arm.  His findings are thorough and well-supported by the evidence.

Plaintiff alleged at the hearing that she was experiencing depression and frustration due to the limitations she has on performing activities which require two hands.  She has not seen a mental health professional since 1996 nor has her doctor recommended that she seek such treatment.  Her condition has been managed with medication.  Given these factors, the administrative law judge determined that there were no work-related limitations attributable to a mental condition, and this finding is well-supported by the evidence.

While plaintiff alleged significant limitations on some of her activities due to pain in her left upper extremity with any use, the administrative law judge, taking account of the evidence as well as his observations of plaintiff at the hearing, found her testimony less than credible.  Citing to the medical findings and her daily activities, he determined that her impairment, though limiting,

was clearly not disabling. Nonetheless, his residual functional capacity finding, requiring very little use of the left arm/hand for lifting or other activities, certainly appeared to adequately take into account the limitations plaintiff was experiencing. In view of the evidence, and taking account of the administrative law judge's "opportunity to observe the demeanor and to determine the credibility of the claimant," these findings are entitled to "great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Finally, in response to hypothetical questioning which included plaintiff's age, education, work experience and a reasonably accurate profile of her functional capacity and overall medical condition, a vocational expert testified that there were significant numbers of light and sedentary jobs in the national economy which plaintiff could perform.

Resolution of conflicts in the evidence is within the province of the Commissioner, not the courts, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964), and if the Commissioner's findings are supported by substantial evidence this Court is bound to uphold the decision. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). In the present case, the evidence, though somewhat conflicting, provides substantial support for the Commissioner's findings with respect to plaintiff's impairments and residual functional capacity. Under such circumstances, the decision of the Commissioner should be affirmed.

## RECOMMENDATION

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted and the decision of the Commissioner affirmed.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED: June 15, 2005

*[signature: Maurice S. Taylor, Jr.]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE